Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4275 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Anco vs. Acco Brands | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand [5] is denied. Ruling date of 8/5/2010 is stricken. Scheduling conference is set for 8/17/2010 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Background

    Dominic Anco filed a complaint in the Circuit Court of Cook County against ACCO Brands ("ACCO"), his former employer, alleging that ACCO breached a November 30, 2009 letter of agreement (the "Letter Agreement") setting forth severance benefits to Anco. ACCO removed the case to federal court, claiming that Anco's claim is preempted by ERISA, creating federal question jurisdiction. ACCO's claim is premised on the fact that the Letter Agreement provides that "[s]everance benefits are governed by the terms of the ACCO Brands Severance Plan . . . and will be paid only in accordance with the Severance Plan." The Severance Plan is governed by ERISA. Anco also signed a Waiver/Release that is governed by ERISA. Anco moved to remand the action to state court, claiming that it is a pure breach of contract action and that the integration clause of the Letter Agreement providing that the Letter Agreement "supersede[s] any prior agreement or understanding between [Anco] and [ACCO] relating to severance pay or termination of employment" pulls the case out of ERISA.

Analysis

    Under 28 U.S.C. § 1441(b), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." Federal question jurisdiction is normally determined by reference to the plaintiff's well-pleaded complaint to see if it raises issues of federal law. *Rice* v. *Panchal*, 65 F.3d 637, 639 (7th Cir.1995). The Supreme Court has created an exception to the "well-pleaded complaint" rule called the "complete preemption" or "implied preemption" doctrine. *Speciale* v. *Seybold*, 147 F.3d 612, 615 (7th Cir. 1998) (citing *Avco Corp.* v. *Aero Lodge No. 735*, 390 U.S. 557, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968)). Complete preemption allows a plaintiff's state law claim to be recharacterized as a federal claim so that removal is proper. *Id.* (citing *Lister* v. *Stark*, 890 F.2d 941, 943 (7th Cir. 1989)). Cases within the scope of § 502(a) of ERISA are completely preempted. *Metro. Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 66, 107 S. Ct.

| STATEMENT |
|---|

1542, 1547–48, 95 L. Ed. 2d 55 (1987)); *Rice*, 65 F.3d at 639–40.

Section 502(a) provides, in part, that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). To determine whether Anco's claim falls under § 502(a), the court must consider: (1) whether Anco is eligible to bring a claim under § 502(a), (2) whether his claims are within the scope of an ERISA provision that he can enforce under § 502(a), and (3) whether his state law claim cannot be resolved without interpreting the ERISA plan. *Jass* v. *Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996).

The Letter Agreement is clearly subject to the terms of the Severance Plan. Anco's argument that the Letter Agreement supersedes the Severance Plan is unpersuasive. The Letter Agreement expressly incorporates the Severance Plan. Incorporating an existing plan into an agreement is not uncommon; the terms of the Severance Plan did not need to have been set forth in detail in the Letter Agreement, as Anco argues was required in order for the Severance Plan terms to govern the benefits provided for in the Letter Agreement. Anco admits that the Severance Plan is "undoubtedly" an ERISA qualified plan. The Waiver/Release Anco signed along with the Letter Agreement expressly states that it is governed by ERISA. Anco can bring a claim under § 502(a) to enforce his right to the severance payments outlined in the Letter Agreement, which are provided for by the Severance Plan. Because the Severance Plan governs the benefits to which Anco is entitled per the Letter Agreement, the court would have to look to the terms of the Severance Plan to determine whether the Letter Agreement was breached. *See Bowles* v. *Quantum Chem. Co.*, 266 F.3d 622, 631 (7th Cir. 2001) ("ERISA will preempt a state law breach of contract claim if the claim requires the court to interpret or to apply the terms of an employee benefit plan."). Thus, Anco's claims against ACCO are preempted and removal of the action is proper.